

2010 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-20-2010

# Lester Ruston v. D. Dodrill

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-3992

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2010

## Recommended Citation

"Lester Ruston v. D. Dodrill" (2010). *2010 Decisions*. Paper 1298.
http://digitalcommons.law.villanova.edu/thirdcircuit_2010/1298

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2010 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3992
_____

LESTER JON RUSTON,
Appellant

v.

D. SCOTT DODRILL,
sued in his individual and official capacity

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 09-cv-03929)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 18, 2010

Before:  McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges

(Filed: May 20, 2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Appellant, Lester Jon Ruston, is currently a civil detainee at the Federal

Correctional Institution in Seagoville, Texas.  Ruston filed a complaint in the United

States District Court for the Eastern District of Pennsylvania pursuant to Bivens v. Six

Unknown Federal Narcotics Agents, 403 U.S. 388 (1971). In that complaint, Ruston claimed that D. Scott Dodrill, the Assistant Director Correctional Programs Division of the Federal Bureau of Prisons, violated several of his constitutional rights. More specifically, Ruston alleged that defendant Dodrill entered into conspiracies with numerous individuals to deprive him of, inter alia, his rights under the First, Thirteenth and Fourteenth Amendments. In an Order entered on September 30, 2009, the District Court dismissed the complaint in its entirety after concluding that it was frivolous on its face. This timely appeal followed.

We have jurisdiction over the instant appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review. See Mitchell v. Horn, 318 F.3d 523, 530 (3d Cir. 2003). Even affording Ruston the liberal construction due a pro se litigant under Haines v. Kerner, 404 U.S. 519, 520 (1979), we do not hesitate to conclude that the District Court committed no error in dismissing his complaint. A court need not credit as true factual allegations that are "fantastic" or "irrational and wholly incredible." Denton v. Hernandez, 504 U.S. 25, 33 (1992). While taken individually, some of Ruston's basic claims may not appear fantastic, the factual contentions underlying those allegations are clearly baseless when considering the details and expansiveness of the alleged conspiracies. See Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Accordingly, because the District Court properly dismissed Ruston's complaint and no substantial question is presented by this appeal, we will summarily affirm the

2

order of dismissal.  <u>See</u> Third Circuit LAR 27.4 and I.O.P. 10.6.  Appellant's various

motions are denied.